(Reap. Dec. 9516)

WESTRO, INC. *v.* UNITED STATES

Entry No. WHB 96109.

(Decided October 2, 1959)

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement relates to certain pocket cigarette lighters, described on the invoice as "Superior," that were manufactured in Austria and exported from Holland in January 1953. The articles were appraised at 20 cents each, on the basis of United States value, as such value is defined in section 402 (e) of the Tariff Act of 1930, as amended by T.D. 49646, reading as follows:

UNITED STATES VALUE.—The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

There is no dispute between the parties that the proper basis for appraisement of the present merchandise is United States value, as hereinabove set forth. There is also agreement herein that, at the time of exportation of the cigarette lighters in question, prototype merchandise previously imported from the same foreign exporter was being freely offered for sale in the principal market of the United States, i.e., New York City, to all purchasers, in the ordinary course of trade, and that the price did not vary according to the quantity purchased. It further appears herein that the parties are agreed on the amounts of the deductions allowable in determining statutory United States value. The only element of said value that is in question is the price at which cigarette lighters, such as those under consideration, were freely offered for sale and sold. Plaintiff contends that the price is 33.1 cents each; defendant claims 35 cents each.

To support its contention, plaintiff introduced the testimony of the president of the plaintiff corporation and certain documentary evidence. The combined evidence—oral testimony coupled with plaintiff's offer for sale (plaintiff's illustrative exhibit 2) and invoices of actual sales by plaintiff (plaintiff's collective exhibit 3–A to 3–H, inclusive)—shows that, at the time of exportation of the present merchandise, "Superior" cigarette lighters, such as those involved herein, were offered for sale and sold by plaintiff to Farber Enterprises of New York City, the sole purchaser of this merchandise, at a price of 33.1 cents each. This price was in effect from November 1952, until February 1953, when the first sale of the merchandise covered by the shipment under consideration was made at 35 cents each (plaintiff's collective exhibit 10–A).

Defendant offered in evidence a customs agent's report under date of July 22, 1953 (defendant's exhibit A). The report, discussing plaintiff's business relating to "Superior" cigarette lighters, states that "The first sale made to Faber Enterprises was covered by an order for 40,000 lighters booked on December 19, 1952," and that "All sales to Faber Enterprises have been made at 35¢ per lighter, free warehouse, New York." The quoted statements appear as erroneous information, in the light of plaintiff's competent evidence, hereinabove outlined, showing actual sales of these cigarette lighters in the principal market of New York City, as early as November 1952 (plaintiff's collective exhibit 3–A), and continuing through December 1952, and January 1953; all at the same price of 33.1 cents each.

For all of the reasons hereinabove set forth, and on the basis of the record before me, I find and hold that the proper basis for appraisement of the "Superior" cigarette lighters in question, is United States value, as defined in section 402(e), as amended, *supra*, and that such statutory value, under the principle laid down in *United States* v. *Beer & Co.*, 15 Ct. Cust. Appls. 140, T.D. 42215, is as follows:

| | |
|---|---|
| United States selling price, each | $0. 331 |

Less statutory allowances:

| | | |
|---|---|---|
| General expenses incurred and profit realized on prototype imported merchandise (8 per centum for each) | $0. 05296 | |
| Duty on prototype shipment | 0. 09076 | |
| Cost of inland and ocean freight, insurance, customs brokerage | 0. 01461 | |
| Total statutory deductions | | 0. 15833 |
| United States value | | $0. 17267 |

In reaching this amount of United States value, I have accepted for the deductible items allowed under the statute, the amounts virtually agreed to by the parties, as set forth in the briefs of counsel.

Judgment will be rendered accordingly.